**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Gay,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Almira D. Guderjohn, et al.,<br><br>　　　　　　　Defendants. | No. CV-15-01545-PHX-DGC<br><br>**ORDER** |

At the case management conference, the Court concluded that it likely lacks subject matter jurisdiction, but granted Plaintiff's request to file a memorandum citing relevant authority. The Court has reviewed the memorandum (Doc. 13) and concludes that it lacks subject-matter jurisdiction.

**I.    Background.**

Plaintiff was struck by a car while riding his motorcycle in July of 2013. Doc. 1-2 at 44. Plaintiff filed a complaint in Maricopa County Superior Court alleging negligence and fraudulent transfer against the driver. Doc. 1-2 at 8-10. While litigating those claims, Plaintiff received $177,045.26 from the C.H. Robinson Worldwide Inc. welfare benefit plan (the Robinson Plan) for medical expenses. *Id.* at 46. The Robinson Plan is governed by ERISA. *Id.*

Plaintiff moved pursuant to Arizona Rule of Civil Procedure 19(a) to add the Robinson Plan as an involuntary plaintiff in the state case, and the state court granted the motion. Doc. 1-2 at 36. Plaintiff then filed a motion challenging the validity of the

1 Robinson Plan's lien rights against any settlement Plaintiff might receive from Defendant. *Id.* at 44. The Robinson Plan filed a notice of removal, alleging that the motion's challenge to the subrogation rights of the ERISA plan raises a question of federal law. Doc. 1 at 4-5.

**II.   Analysis.**

A cause of action arises under federal law "only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). "The 'well-pleaded complaint rule' is the basic principle marking the boundaries of federal question jurisdiction of the federal district courts." *Id.*

Plaintiff has filed a motion challenging the Robinson Plan's subrogation rights (Doc. 1-2 at 44-50), but it is well settled that federal question jurisdiction must be based on the complaint. *Metro. Life Ins.*, 481 U.S. at 63. Plaintiff's complaint contains no ERISA-related claim and no challenge to the Robinson Plan's subrogation rights. *See* Doc. 1-2 at 8-10 (alleging only negligence and fraudulent transfer). The Court therefore lacks subject-matter jurisdiction.

Plaintiff's memorandum argues that the Court has subject-matter jurisdiction, but none of the cases cited in the memorandum arose in the same procedural posture as this case. In *Speciale v. Seybold*, 147 F.3d 612 (7th Cir. 1998), the ERISA plan gave the plaintiff notice that the plan was entitled to reimbursement. *Id.* at 614. The plaintiff filed a motion in a pending state-court action to apportion settlement funds among the plan and other lienholders, and the plan removed the case to federal court. *Id.* The plaintiff argued on appeal that the case should not have been removed because "the motion to adjudicate fell under her well-pleaded complaint which alleged a state law claim of personal injury, neither of which presented a federal question." *Id.* The Seventh Circuit agreed, finding that the plaintiff's "claim of personal injury was not a cause of action that falls within the scope of an ERISA provision nor did her state law claim require resolution of an interpretation of the contract governed by federal law." *Id.* at 615. The case was remanded to state court. *Id.* at 617.

1    In the other cases cited in the memorandum, the plaintiffs filed complaints that named the ERISA plan as a defendant and raised a federal question.  In *White v. Humana Health Plan, Inc.*, No. 1:06-CV-05546, 2007 WL 1297130 (N.D. Ill. May 2, 2007), the ERISA plan was a named defendant and the plaintiff challenged the plan's subrogation provisions in the complaint.  *Id.* at *1.  In *Osterman v. Smith*, No. 3:10-CV-03220, 2011 WL 1343056 (C.D. Ill. March 17, 2011), the plaintiff filed a petition that later became an amended complaint after the case was removed to federal court.  *Id.* (Doc. 12).  The petition was in all relevant respects a complaint – it contained numbered paragraphs, named the ERISA plan as a defendant, and contained a prayer for relief.  *Id.*  In *Wausau Supply Co. v. Murphy*, Nos. 13-CV-698-WMC, 13-CV-759-WMC, 2014 WL 2565555 (W.D. Wis. June 6, 2014), the plaintiff added the ERISA plan as a subrogated defendant and the plan was allowed to assert counterclaims against the plaintiff.  *Id.* at *2-3.  The case was removed to federal court after the plaintiff made a "claim that the ERISA plan wrongfully sought reimbursement of previously paid health benefits."  *Id.* at *4.

Each of these cases included a complaint that raised ERISA issues, and removal of the cases to federal court therefore complied with the well-pleaded complaint rule.  Plaintiff cites no case in which a federal court obtained subject-matter jurisdiction solely on a federal question raised in a motion.

**IT IS ORDERED** that the Clerk shall remand this case to Maricopa County Superior Court.

Dated this 12th day of November, 2015.

_____
David G. Campbell
United States District Judge

- 3 -